**FILED**
**Dec 12, 2019**
**10:19 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| DALE HUNTER, | ) | |
|       Employee, | ) | Docket No.  2017-08-1268 |
| | ) | |
| v. | ) | |
| | ) | State File No. 88488-2017 |
| DOUG'S AUTOMOTIVE, | ) | |
|       Employer. | ) | |
| | ) | Judge Dale Tipps |
| | ) | |

---

## EXPEDITED HEARING ORDER
## GRANTING BENEFITS
### *(DECISION ON THE RECORD)*

---

This case came before the Court on December 6, 2019, for an Expedited Hearing on the record without an in-person hearing.  The central legal issue is whether Mr. Hunter is likely to establish at a hearing on the merits that his need for the requested epidural steroid injections arose primarily out of and in the course and scope of his employment.  For the reasons below, the Court holds Mr. Hunter is entitled to the requested benefits.

### History of Claim

This is Mr. Hunter's third Expedited Hearing.  Following the first hearing, the Court was unable to find that Mr. Hunter was likely to prove medical causation at a hearing on the merits but issued an order for a panel of physicians.[1]  Doug's Automotive provided a panel, from which Mr. Hunter selected Dr. Sam Murrell.

Mr. Hunter treated with Dr. Murrell but filed a Motion to Compel Medical

---

[1] The Court summarized the full history of Mr. Hunter's injury and medical treatment in its prior order and finds it unnecessary to repeat that summary here.

1

Treatment on June 4, 2019, claiming that Dr. Murrell recommended an epidural injection that Doug's Automotive refused to authorize. Because Mr. Hunter provided no medical records or other information regarding the treatment or its relationship to his work injury, the Court found it could not order Doug's Automotive to authorize it.

Mr. Hunter then filed another Motion for Medical Treatment on July 26, this time with an accompanying letter from Dr. Murrell recommending an epidural steroid injection. The Court determined that the motion was actually a request to decide his interlocutory claim for medical benefits on the record without an evidentiary hearing. The Court deemed the request for a decision on the record appropriate and issued a Docketing Notice.

Doug's Automotive filed a Response and an Objection to Dr. Murrell's letter, and the Court issued a second Expedited Hearing Order on August 23. In that order, the Court denied the request because Dr. Murrell's letter did not address whether Mr. Hunter's diagnosis or the need for the epidural injection arose primarily out of and in the course and scope of his employment.

Mr. Hunter filed the current Expedited Hearing request on November 1, and the Court issued a Docketing Notice. Doug's Automotive filed no objection or response to the hearing request or docketing notice but instead filed a Motion to Dismiss.[2]

The only new proof offered by either party is Dr. Murrell's October 7, 2019 letter. It states:

> Dale Hunter has been under my care with complaints of low back pain and leg pain. He was first seen by me on September 7, 2018 complaining of pain following an injury on 10/16/2017. While an MRI scan revealed degenerative changes of the lumbar spine at multiple levels, it also revealed a more focal right L5 foraminal disc protrusion which was felt to be the cause of his right sided leg symptoms. He was seen by me on January 28, 2019, and offered an epidural steroid injection. He ultimately requested to be released to full duties, but then later returned indicating that he wished to proceed with further treatment. At that time, an epidural steroid injection was again recommended, and he continues under my care

---

[2] The Motion to Dismiss is replete with problems. First, it is predicated in large part on allegations that Mr. Hunter has failed to comply with requests for "medical records for the incident in question and his previous medical records." However, no motion to compel was ever filed, nor is there any proof that Mr. Hunter actually possesses the records sought. Similarly, Doug's Automotive contends Mr. Hunter failed to respond to written discovery, but it filed no motion to compel or any certification required by Rule 0800-02-21-.17(5). Because Doug's Automotive also failed to comply with the dispositive motion requirements of Rule 0800-02-21-.18(1), the Court will not consider dismissal at this time. However, it will consider some of the arguments made by Doug's Automotive as a response to the docketing notice.

awaiting the completion of the epidural steroid injection. Apparently, there has been some confusion as to whether the recommendation for treatment was the result of his underlying degenerative changes or the right L5-S1 foraminal disc protrusion. It is my opinion that in the absence of previous MRI showing a pre-existing right L5 foraminal disc protrusion, that disc is most likely the result of his work injury of 10/16/2017. The treatment most recently recommended, an epidural steroid injection, is recommended to treat that L5-S1 disc protrusion and is felt to be related to his work injury of 10/16/2017.

Mr. Hunter requests an order compelling the injection recommended by Dr. Murrell based on this new evidence.

Doug's Automotive contends it is not responsible for additional medical treatment because Dr. Murrell has already found Mr. Hunter to be at maximum medical improvement (MMI). It also appears to suggest that Dr. Murrell's opinion is insufficient because he said the disc protrusion is "most likely" the result of the work injury.

### Findings of Fact and Conclusions of Law

Mr. Hunter must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). To do this, he must show that his alleged injuries arose primarily out of and in the course and scope of his employment. This includes the requirement that he must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Dr. Murrell's October 7 letter is the only medical opinion addressing causation. He stated that the right L5 foraminal-disc protrusion "is most likely the result of his work injury of 10/16/2017" and that the epidural steroid injection is recommended to treat that condition.

Doug's Automotive appears to object to this opinion because it does not specifically track the wording of section 5-6-102(14). The Court notes, however, that "a physician may render an opinion that meets the legal standard espoused in section 50-6-102(14) without couching the opinion in a rigid recitation of the statutory definition." *Panzarella v. Amazon.com, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14-15 (May 15, 2017). Dr. Murrell stated that the disc protrusion was "most likely the result"

of Mr. Hunter's work injury. Although this statement does not include the phrase, "greater than fifty-percent," it constitutes "sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied." *Id*.

Doug's Automotive objects to providing additional treatment because Dr. Murrell already placed Mr. Hunter at MMI. This argument overlooks the fact that medical treatment does not terminate at MMI. Unless a court terminates an employee's entitlement to medical benefits, or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury in accordance with Tennessee Code Annotated sections 50-6-204(a)(1)(A) and 50-6-102(14)(C). *Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *5-6 (Sept. 12, 2017).

For these reasons, Mr. Hunter appears likely to prevail at trial in establishing that his work injury contributed more than fifty percent in causing his need for the requested medical treatment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Doug's Automotive shall continue to provide Mr. Hunter with medical treatment made reasonably necessary by his October 16, 2017 injury, including any recommended epidural steroid injections.

1. This case is set for a Status Hearing on January 16, 2020, at 1:30 p.m. Please call toll-free at 855-874-0473 to participate. Failure to call or appear might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED December 12, 2019.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

Exhibits:
1. Dr. Murrell's July 16, 2019 letter
2. Dr. Murrell's October 7, 2019 letter
3. Affidavit of Dale Hunter
4. Records from Concentra Medical Centers
5. Records from Whole Health Chiropractic
6. Records from The Family Medicine Group
7. Wage Statement
8. Expedited Request for Investigation Report
9. Collective medical bills
10. January 9, 2018 letter offering transitional work
11. Candace Marshall's notes
12. Screenshot of January 17, 2018 text messages

Technical record:
1. Motion for Medical Treatment
2. Response to Motion to Have Employer Pay Medical Expenses
3. Response to Admission of the Purported Letter of Dr. Murrell
4. Petition for Benefit Determination
5. Dispute Certification Notice
6. July 3, 2018 Expedited Hearing Order

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on December 12, 2019.

| Name | Certified Mail | Fax | Via Email | Service sent to: |
|------|----------------|-----|-----------|------------------|
| Dale Hunter | | | X | Dale.hunter29@yahoo.com |
| James Jones, Jr., Employer's Attorney | | | X | attorneyjamesjones@gmail.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries    $ _____ per month    Telephone    $ _____ per month

Electricity    $ _____ per month    School Supplies $ _____ per month

Water    $ _____ per month    Clothing    $ _____ per month

Gas    $ _____ per month    Child Care    $ _____ per month

Transportation  $ _____ per month    Child Support  $ _____ per month

Car    $ _____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)          RDA 11082